68 F.3d 483
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hong IRWIN, Plaintiff-Appellant,
v.
BOARD OF REGENTS FOR the OKLAHOMA AGRICULTURE AND MECHANICAL
COLLEGES, Defendant-Appellee.
 No. 94-6438.
D.C. No. CIV-94-453-L.
 United States Court of Appeals, Tenth Circuit.
 Oct. 11, 1995.
 
 Before KELLY, SETH, and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Hong Irwin appeals from a summary judgment in favor of defendant Board of Regents for the Oklahoma Agriculture and Mechanical Colleges. We affirm.
 
 
 3
 Plaintiff, an individual of Chinese national origin, enrolled at Oklahoma State University (OSU), one of the universities governed by defendant, as an MBA student in 1985. She completed her course work for a Ph.D. in marketing in the fall of 1989, but did not take her comprehensive examinations until the spring of 1992. She failed to pass the exam pursuant to a unanimous vote of the marketing faculty. However, she was not dropped from the Ph.D. program and was free to take the exam again. She refused to do so, and instead brought this lawsuit.
 
 
 4
 Plaintiff alleged in her complaint that she was subjected to a hostile environment at OSU, and that her failing score on the exam was due to discrimination based on national origin, in violation of Title VI of the Civil Rights Act of 1964 (42 U.S.C.2000d). The district court granted defendant's motion for summary judgment, concluding that plaintiff failed to show the grading of her exam was motivated by discrimination, and that she had not shown a link between the alleged hostile environment at OSU and the grade.
 
 
 5
 We review the grant of summary judgment de novo, applying the same standard as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We view the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). However, the existence of a scintilla of evidence supporting the nonmoving party's position is insufficient; there must be evidence on which a jury could reasonably find for her. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
 
 
 6
 Title VI prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance. Section 2000d. To state a claim under Title VI, a claimant must allege discrimination based upon a protected category and that the entity involved is receiving federal financial assistance. See Fobbs v. Holy Cross System Corp., 29 F.3d 1439 (9th Cir.1994). In order to survive summary judgment, a Title VI claimant must utilize the same degree of factual specificity as is required in civil rights cases generally. See Dartmouth Review v. Dartmouth College, 889 F.2d 13, 22 (1st Cir.1989); Coates v. Illinois State Bd. of Educ., 559 F.2d 445, 447 (7th Cir.1977). We must also keep in mind that we should "show great respect for the faculty's professional judgment" when review of a purely academic decision is involved. Regents of Univ. of Mich. v. Ewing, 474 U.S. 214, 225 (1985); Hankins v. Temple Univ., 829 F.2d 437, 443 (3d Cir.1987).
 
 
 7
 Plaintiff contends her affidavit contains evidence that creates an issue of fact concerning whether defendant's stated reason was pretextual (although she does not indicate what that evidence is or how it creates a fact issue). The affidavit recounts several allegedly hostile remarks made by faculty and nonfaculty at OSU. The hostile remarks of individuals who played no part in grading her exam cannot establish that those who did grade the exam discriminated against her. See Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir.1994) (in an age discrimination claim comments by non-decisionmakers are not material to the inquiry of discriminatory termination). Of the individuals who made allegedly hostile remarks, only Drs. Stephen Miller and John Mowen played a role in grading her exam. While Dr. Ruth Krieger, who is mentioned in the affidavit as having made negative remarks, also graded the exam, we do not interpret her remarks as evidencing any hostility toward plaintiff based on national origin.
 
 
 8
 The only remarks allegedly made by Dr. Miller that have anything to do with Chinese nationality were the following: in August 1987, he told a joke about an Asian student who used the word "impotent" rather than "important" during his oral support of his dissertation; and in the spring of 1989 he told plaintiff not to wear a hat because she looked "Mongolian enough without it," Appellant's App. at 65, 67. While other remarks attributed to Dr. Miller indicate some friction between him and plaintiff, the remarks had nothing to do with her nationality.
 
 
 9
 Dr. Mowen allegedly told plaintiff over the telephone in June 1988, "if you do not change your ways, you are going to have trouble finishing the program." Id. at 68. Dr. Mowen also allegedly made derogatory remarks regarding plaintiff's Chinese origin. Dr. Mowen denies making these remarks. However, as explained below, even if he made the remark, this would not affect the outcome of the case. Thus, this dispute does not preclude summary judgment. See Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit ... will properly preclude the entry of summary judgment.").
 
 
 10
 Plaintiff must show a nexus between Drs. Miller's and Mowen's remarks and the decision to fail her. See Cone, 14 F.3d at 531 ("isolated comments, unrelated to the challenged action, are insufficient to show discriminatory animus in [ ] decisions."). We perceive no possible connection, based on the evidence presented, between Dr. Miller's casual comments and his grading of plaintiff's exam several years later. While Dr. Mowen's alleged comment is more troubling as it links plaintiff's national origin with her success in the program, it was made four years before the exam in an unrelated context. It therefore is not probative of discrimination. See Rush v. McDonald's Corp., 966 F.2d 1104, 1116 (7th Cir.1992)(noting racial remark made two years before plaintiff's discharge in unrelated context not probative of discrimination). Further, we note that Dr. Mowen gave plaintiff a "B" in the one class she took with him, and that he has published a research paper with another Chinese student. In any event, Dr. Mowen was only one out of eleven faculty members who unanimously voted to fail plaintiff, and there is no evidence that he influenced the other faculty members to discriminate against her.
 
 
 11
 Plaintiff's affidavit also claims that, although she had previously received assurances that a question on the exam would be in a certain area, defendant changed the area one week before the exam to an area she had not previously studied. However, other than a vague, conclusory statement that defendant had acted contrary to past practice, plaintiff presented no evidence that defendant had treated nonChinese students differently. Further, it was undisputed that the specialty area question given to plaintiff addressed one of the most commonly discussed international issues in marketing, and it could have been answered by any well-informed Ph.D. candidate.
 
 
 12
 We conclude plaintiff failed to raise a fact question whether defendant's reason for failing her was a pretext for discrimination. She has demonstrated no link between the alleged comments and the actions of the professors in unanimously failing her.
 
 
 13
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470